**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HAMMOND, KENNEDY, WHITNEY & COMPANY, INC., | ) ) ) | |
| | ) | Case No. 22-cv-04394 |
| Plaintiff, | ) ) | |
| | ) | Judge Sharon Johnson Coleman |
| v. | ) ) | |
| FREUDENBERG NORTH AMERICA LIMITED PARTNERSHIP, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Freudenberg North America Limited Partnership's ("FNA") motion to compel arbitration. FNA filed this motion after Hammond, Kennedy, Whitney & Company, Inc. ("HKW") filed a complaint, requesting that the Court enjoin arbitration and order declaratory relief. For the following reasons, the Court grants FNA's motion [11].

**BACKGROUND**

The following facts are undisputed unless otherwise noted. In August, 2021, HKW entered into a Stock Purchase Agreement ("SPA") with FNA regarding the purchase of stock in an air filtration company, PPA Holdings, Inc. ("PPA"). The SPA outlined a two-step dispute resolution process. First, if the parties engaged in a dispute, they had to try to negotiate a resolution first. A dispute is defined as

> any dispute or disagreement between or among any of the parties as to the interpretation of any provision of this Agreement or any agreement incorporated herein, the performance of obligations hereunder or thereunder, or any other disputed matter relating hereto or thereto.

SPA § 14.14(a). If the negotiation failed, the parties agreed that "no such Dispute shall be made the subject of Litigation in a court of law or equity by any party but shall be submitted to an arbitration

1

. . . conducted by the American Arbitration Association [("AAA")] in Chicago, Illinois." *Id.* at § 14.14(b). However, the SPA made clear that nothing "[s]hall preclude any party from seeking or obtaining from a court of competent jurisdiction (i) injunctive relief, or (ii) equitable or other judicial relief to specifically enforce the provisions hereof or thereof or to preserve the status quo ante pending resolution of Disputes." *Id.*

Through the SPA, FNA acquired PPA's stock. Shortly after the deal closed, PPA's relationship with one of PPA's largest customers, The Home Depot, deteriorated, resulting in reduced business. FNA maintains that HKW and others intentionally withheld information about this failing relationship from them, breaching warranties and representations made under the SPA. According to FNA, this conduct amounted to Actual Fraud, defined in the SPA as when:

> a court of competent jurisdiction has determined pursuant to a final, written order from which no appeal has or can be taken that . . . with respect to any representation or warranty made by the Company . . . (i) such representation or warranty was inaccurate or untrue when made (*i.e.,* on the date of [the SPA]); (ii) the Company had Knowledge that such representation or warranty was inaccurate or untrue when so made; (iii) the Buyer relied on the accuracy of such representation or warranty in entering into [the SPA] and consummating the transaction contemplated hereby; and (iv) the Buyer actually has suffered an injury in so relying on the accuracy of such representation or warranty.

SPA § 1.01. FNA initiated the dispute resolution process outlined in SPA § 14.14 and later served an arbitration demand. HKW concurrently filed this suit, seeking declaratory relief from this Court. Specifically, HKW requests that the Court stop arbitration proceedings, issue a declaratory judgment that the Court must decide whether Actual Fraud occurred before the parties can proceed with arbitration, and issue rulings that there was no actual fraud and that FNA is barred from bringing its common law fraud and fraudulent inducement claims under the terms of the SPA.

**DISCUSSION**

Courts grant motions to compel arbitration when: (1) there is an enforceable written agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal

to arbitrate. *A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054, 1060 (7th Cir. 2018). Here, the parties agree that they signed a valid arbitration agreement. *See Henry Schein, Inc. v. Archer and White Sales, Inc.*, 139 S. Ct. 524, 530, 202 L. Ed. 2d 480 (2019) ("[B]efore referring a dispute to an arbitrator, the court determines whether a valid arbitration agreement exists."). Nonetheless, the parties contest whether the present dispute should be sent to arbitration. FNA maintains that an arbitrator, not the Court, should decide this whether this dispute is arbitrable. HKW claims that because the SPA specifically excepts certain disputes from arbitration, the parties made clear that a Court should decide these issues, including the question of arbitrability.

"[I]f a valid agreement exists, and if the agreement delegates the arbitrability issue to an arbitrator, a court may not decide the arbitrability issue." *Schein*, 139 S. Ct. at 530. Yet, "[c]ourts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakeabl[e]' evidence that they did so." *O'Connor v. Ford Motor Co.*, No. 19-cv-5045, 2023 WL 130522, at *3 (N.D. Ill. Jan. 9, 2023) (Dow, J.), citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 939, 944, 1 S Ct. 1920, 131 L. Ed. 2d 985 (1995). The SPA makes clear that arbitration should "be conducted . . . in accordance with the Commercial Arbitration Rules of the American Arbitration Association." SPA § 14.14(b). These rules establish that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections . . . to the arbitrability of any claim." Rule 7(a), Commercial Arbitration Rules and Mediation Procedures, American Arbitration Association. Although the Seventh Circuit has yet to make a definitive statement on this issue, other Circuits have found that arbitration agreements incorporating the AAA rules provide "clear and unmistakable evidence" that the parties agreed to arbitrate arbitrability. *See, e.g., Vergara v. Nintendo of America, Inc.*, No. 19 C 6374, 2020 WL 2571903, at *3 (N.D. Ill. May 21, 2020) (Feinerman, J.) (collecting cases).

3

The Court agrees with the *Vergara* court and finds that the parties' adoption of the AAA rules provides clear and unmistakable evidence that the parties agreed for an arbitrator to decide whether claims are arbitrable. Nonetheless, HKW contends that because the parties explicitly agreed that a court of competent jurisdiction should decide actual fraud claims and whether to "specifically enforce" waiver of its common law fraud and fraudulent indictment claims, there is no "clear and unmistakable" intent to arbitrate arbitrability.

The Court recognizes that the definition of Actual Fraud states that a "court of competent jurisdiction" must make a finding of actual fraud. However, as the Supreme Court made clear, who decides the question of arbitrability is distinct from whether the parties agreed to arbitrate a claim. *First Options*, 514 U.S. at 942 (distinguishing between "whether th[e parties] agreed to arbitrate the merits" and "who should have the primary power to" decide whether the parties came to such an agreement). The language in the definition of actual fraud is relevant to whether the claim is arbitrable, but not who should decide whether a claim is arbitrable. *See Wal-Mart Stores, Inc. v. Helferich Patent Licensing, LLC*, 51 F. Supp. 3d 713, 720–21 (N.D. Ill. 2014) (Castillo, J.) (finding that incorporation of AAA Rules showed a "clear[] and unmistakable[]" intent to have an arbitrator decide arbitrability, even when the parties agreed not to arbitrate certain claims).

Next, the Court looks at the language of the Arbitration Agreement itself, SPA § 14.14. The Arbitration clause has a carve out for "injunctive relief, or (ii) equitable or other judicial relief to specifically enforce the provisions hereof." SPA § 14.14(b). Courts have found that carve-out provisions of this sort address *which* claims should be brought in arbitration, rather than who decides the question of arbitrability. *See, e.g. Telephone Investments USA, Inc. v. Lumen Tech., Inc.*, No. 22-cv-2260, 2022 WL 2828751, at *6–8 (N.D. Ill. July 20, 2022) (Rowland, J.) (discussing cases where parties created carve outs that "refer[] to a class of disputes" and not "threshold issues of

4

arbitrability"). Therefore, the Court finds that the parties agreed to arbitrate questions of arbitrability and moves to compel arbitration.

**Conclusion**

For these reasons, the Court grants FNA's motion and orders the parties to arbitrate the present dispute. *See* 9 U.S.C. § 4 ("U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration."). The Court will stay proceedings in the current case pending arbitration. *See id* at § 3.

IT IS SO ORDERED.

Date: 3/15/2023

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge